**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAHLIL WHITEFIELD and HASSAN SALLEY RAY, | Case No. 21-cv-1742 |
| Plaintiffs, | **COMPLAINT** |
| -vs- | DEMAND FOR JURY TRIAL |
| THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT ("NYPD") OFFICER ANTHONY SALINE (Shield No. 12924), OFFICER JOHN DOES 1-10 | |
| Defendants. | |

Plaintiffs, by and through their undersigned attorney, alleges as follows:

## NATURE OF THE ACTION

1.   Plaintiffs brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of their civil rights under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, as well as New York State law claims against all Defendants that are so related to the other counts that they form part of the same case.

## JURISDICTION

2.   The Court has jurisdiction over Plaintiffs' federal law claims under 28 U.S.C §§ 1331, 1343(a), (3), and (4), claims and supplemental jurisdiction over Plaintiffs' State claims under 28 U.S.C. § 1367(a).

## JURY TRIAL DEMANDED

3.  Plaintiffs demand trial by jury of all issues properly triable thereby.

## VENUE

4.  Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## THE PARTIES

5.  Plaintiff Hassan Salley Ray is a United States citizen and resident of the City of New York and State of New York.

6. Plaintiff Jahlil Whitefield is a United States citizen and resident of the City.

7.  That at all times herein mentioned, Defendant CITY OF NEW YORK (hereinafter "CITY") was and is a municipal corporation, duly organized and existing under and by virtue of the laws of the State of New York.

8.  That at all times herein mentioned, Defendant CITY operated, controlled and maintained a police force known as the New York Police Department ("hereinafter "NYPD").

9.  That at all times herein mentioned, defendant Officer ANTHONY SALINE (hereinafter, "SALINE") was and is an NYPD officer employed by defendant CITY.

10.    That at all times herein mentioned, Defendant SALINE was acting within the course and scope of his employment with defendant CITY.

11.    That at all times herein mentioned, Defendant SALINE was acting under color of state law.

12.    Defendant SALINE is sued herein in both his individual and official capacities.

2

13.     That at all times herein mentioned, currently unknown and unnamed officers (hereinafter, "OFFICER DOES") was and are NYPD officers and supervisors employed by defendant CITY.

14.     That at all times herein mentioned, defendant OFFICER DOES were acting within the course and scope of their employment with defendant CITY.

15.     That at all times herein mentioned, Defendant OFFICER DOES were acting under color of state law.

16.     Defendant OFFICERS DOES are sued herein in both their individual and official capacities.

17.     At all relevant times herein, the individual Defendants acted jointly and in concert with each other.

18.     Each individual defendant had the duty and the opportunity to protect Plaintiffs from the unlawful actions of the other individual Defendants, but each individual defendant failed and refused to perform such duty, thereby proximately causing Plaintiff's injuries.

## **STATEMENT OF FACTS**

19.     On or about April 10, 2019, around 3:30 pm, two young black men, Plaintiffs Mr. Jahlil Whitefield and Mr. Hassan Salley Rae pulled up behind a row of double-parked cars on Valentine St., in the Bronx.  They were trying to find parking by the curb to pick up their friend who was on her way down.

20.     Plaintiff Jahlil Whitefield was sitting in the driver's seat of Plaintiff Hassan Salley Rae's car.

21.     Plaintiff Salley Ray has a debilitating case of sickle cell anemia which causes

him great pain which prevents him from being able to perform many basic functions,

including, drive his car for more than a 15-30 minute stretch of time.

22.     Plaintiffs were sitting in the vehicle, committing no crime or doing anything

suspicious.  They were waiting looking for parking, and also stopped for a few minutes while

waiting for their friend to get in the car.

23.      A few Defendant Officer members of the NYPD came up to Plaintiffs sitting in

the vehicle.

24.     It is unclear why NYPD Defendants approached the vehicle.  No traffic tickets or

citations were ever issued for any Vehicle and Traffic Law violation.

25.     The street that Plaintiffs were waiting in their car on, consisted of a whole row in

front of them, of about ten cars "double parked", with no passengers in them.

26.     When Plaintiffs provided their license and registration, the NYPD officer

Defendants said that they "smell marijuana and want to check the car".  Plaintiffs explained

that they had just been to the marijuana dispensary as Mr. Whitefield is prescribed marijuana

for his pain management of the sickle-cell, but that the marijuana was in pill and tincture

form and that those were still sealed in the bag, and nobody had broken the seal.

27.     Without permission or authority, the NYPD Defendant Officers had Plaintiffs

exit the vehicle and searched the car.

28.     Thanks to Body Worn Camera footage of the arrest, we can read their verbatim

conversation:

29.     NYPD Defendant Officer Saline (as he is getting handcuffs on Mr. Whitefield):

Hands behind your back, real quick. You had all those pills, alright?  Those pills in there.

30.     Whitefield: That is not mine.

31.     Salley Rae:  Those are my pills.

32.     Whitefield: He has prescriptions for that.

33.     NYPD John Doe 2 (as he his handcuffing Salley Rae):  You have prescription for the medical marijuana, right?

34.     Salley Rae:  Yes, I have prescriptions for everything.

35.     NYPD John Doe 2:  Those two white pills as well?

36.     Salley Rae:  Yeah.  You want to see my ID?

37.     NYPD John Doe 2:  You have the paperwork?

38.     Salley Rae:  Yeah, I have the paperwork for my pills.  So, I have to be handcuffed because you found pills and you are not asking me why?

39.     NYPD John Doe 2:  What was that?

40.     Salley Rae:  Why am I being handcuffed?

41.     NYPD John Doe 2:  Umm, Possession of a controlled substance.

42.     Salley Rae:  But I just told you.

43.     NYPD John Doe 2:  But, if you have a prescription like you just said, we are going to figure it out at the prison, ok?

44.     NYPD Defendant Saline:  There are pills in there without any prescription.  They can't be in a tin cup, they are supposed to be in their original packaging, alright?

45.     Whitefield: I don't have any pills.

46.     NYPD Defendant Saline: There are pills in the back, and you are inside of the car.

47.     Whitefield:  I do not know anything about that.

48.     NYPD Defendant Saline:  We will figure it all out when we get to the precinct. When we get back to the precinct we will talk it over, we will see what happens.  Come back to the car with me, alright?

49.     NYPD Defendant Saline:  Your driver's view was obstructed.  See the pine trees and all that stuff hanging over there? You cannot have that.  Plus your plate has one screw in it. The stickers in the back of your car, [baby on board] can't have any of those stickers.  On top of all of that, you are double parked over there.

50.     Whitefield:  But all of those cars in that whole line are double parked.

51.     NYPD Defendant Saline: Well, you are the first one in the back of the line, we are going to back and we are going to go to the line and talk to everybody.  Listen, we are going to go back to the precinct, and once we get back there, we are going to work everything out, alright?

52.     Once Plaintiffs arrived at the precinct, they were taken to a room and bribed, by two NYPD John Doe Officers.  Both Plaintiffs separately, but in succession, were taken into a room where they were asked if they know of anyone had kilos of cocaine, or guns, and that if they did know of any information of any "big time dealers", that in lieu of providing such information, they would be released from police custody and not charged.

53.     The war on drugs is, like most wars, a racist one.

54.     NYPD Defendant officers arrested Plaintiffs on a fishing expedition to see what they could find about "bigger" crimes.

55.     NYPD Defendant Officers knew that the two pills belonged to Mr. Salley Rae and that he had a prescription for the pills.  Mr. Salley Rae had proof of such in his pocket.

56.     NYPD Defendant Officers heard Mr. Salley Rae tell them he has a prescription.

57.     NYPD Defendant Officers said when they got to the precinct, Plaintiffs could show their proof, but tDefendant Officers refused to look at any exonerating evidence.  Mr. Salley Rae was never asked for the prescription he had  on his phone, on the website montifiore.mychart.com.

58.     NYPD Defendant Officers did not care to see the prescription for the pill Mr. Salley Rae occasionally takes for his chronic sickle-cell anemia, assisting in the excruciating pain due to sickle cells traveling through small blood vessels, that get stuck and clog the blood flow.

59.     Mr. Salley Rae who took complete custody of the two pain pills, was being arrested for the same purpose as Mr. Whitefield- so it did not matter to whom the two pain pills belonged, or whether there was a prescription.

60.     NYPD Defendant Officers were purposely and with intention, maliciously abusing process.

61.     Plaintiffs were arrested, not in the interest of justice and law, but so that their liberty would be taken from them unlawfully, and so that their liberty could then be used as bargaining chip in order to get information from Plaintiffs about any guns or drugs dealing.

62.     The Omniform arrest sheet for both Plaintiffs filled out by arresting Defendant Officer Saline, charged both Plaintiffs with two felony crimes, including the class B Felony of  220.16 01 NARC DRUG INT/SELL;  PL 220.06 01 Felony, PL 220.03; and PL 221.10 01.

63.     The details of the arrest sheet stated, "AT TPO PURSUANT TO A CAR STOP FOR A VTL INFRACTION DEFT WAS FOUND TO BE IN POSSESSION OF MARIJUANA AND A LARGE AMOUNT OF C/S IN PVP"

64.     The criminal complaint for both Plaintiffs, sign and sworn to by Defendant Saline, stated that Plaintiff Whitehall was "seated behind the steering wheel, engine running, keys in the ignition and moving along a public roadway…" and that he and Mr. Ray "were acting in concert in that deponent observed defendant Whitehall and defendant Rey to have in their custody and control, inside the center console of said vehicle, one brown cigarette containing a dried leafy green substance with a distinctive odor."

65.     Furthermore, the Notice Pursuant to CPL 710.30(l)(a), Defendant Saline fabricated that Plaintiff Ray told him, "I take those pills for depression" and Plaintiff Whitehall told him, "Sorry Officer, I know I am not supposed to smoke, there is nothing else in the car, can you please let us go."

66.     Plaintiffs never made such statements.

67.     Plaintiffs had not been smoking marijuana in the car.

68.     Plaintiffs were doing nothing wrong, only looking for parking, and waiting for their friend to load.

69.     The fabricated statements by Defendant Saline were another attempt by him to cover up the unlawful stop, search, and arrest.

70.     Plaintiffs were shocked when they learned about the charges against them in the criminal complaint.  They were being charged with driving while in control of marijuana!

71.     In fact, there was no evidence, and no reasonable basis to believe, that Plaintiffs had at any time engaged in aforementioned conduct.

72.     Such fabrications on behalf of Defendant Saline were in direct contradiction to what had actually transpired.  The charges against Plaintiffs were used to cover up the unlawful arrest made in order to abuse process, and to cover up the unlawful search.

73.     Both Plaintiffs were offered an ACD, and both agreed to such dismissal.

74.     Mr. Whitefield was offered one on his 5/29/2019 court date, and Mr. Salley Rae was offered an ACD at arraignments, on 4/11/2019.  Their cases were dismissed six months later.

75.     Plaintiffs suffered emotional injuries due to the conduct of the Defendants and the miscarriage of justice and blatant abuse of authority to which they were subject.

76.     As a result of being unlawfully searched, falsely arrested, and maliciously prosecuted Plaintiffs suffered humiliation, fear for their safety, and other emotional distress.

77.      There was no evidence, and no reasonable basis to believe, that Plaintiffs had at any time engaged in felony conduct.

78.      There was no probable cause that Plaintiffs had committed any of the crimes for which they were charged, or any other offense.

79.     Upon information and belief, Defendants arrested and imprisoned Plaintiffs despite knowing that there was no legal justification for doing so in order to promote and advance their own careers by fishing for people who may have information on illegal activities.  This despite knowing that Plaintiff Salley Rae had prescriptions for the pills, and Mr. Whitefield had no custody or control of them.

80.     Plaintiffs were injured.

81.      All Defendants agreed, cooperated, participated, and conspired with their co-Defendants herein to assist in and effectuate Plaintiffs' unlawful arrest, malicious prosecution, and malicious abuse of process, for crimes Officers knew that Plaintiffs did not commit, and in so doing deprived Plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, their rights under the

Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable searches and seizures without due process of law.

82.     Defendants made these false allegations against Plaintiffs with actual malice, and out of spite and ill will, and with retributive purpose.

83.     Defendants engaged in the above-described conduct intentionally and/or with deliberate indifference to Plaintiffs' constitutional and civil rights.

84.     All Defendants acted in concert to lodge these false allegations against Plaintiffs and initiate a prosecution against them for offenses they knew Plaintiffs did not commit.

85.     Upon information and belief, Defendants arrested and imprisoned Plaintiffs despite knowing that there was no legal justification for doing so in order to carry out some other objective, outside the scope of law enforcement.

86.     As a result of the foregoing, Plaintiffs sustained, *inter alia*, deprivation of their constitutional rights; loss of enjoyment of life; loss of liberty; loss of basic; fundamental human contact; physical injuries; personal injuries; emotional injuries; loss of income; loss of economic opportunity; pain and suffering; severe mental anguish, emotional distress, fear and lack of privacy, all necessitating psychiatric or therapeutic counseling, inadequate medical care; humiliation, indignities and embarrassment; degradation; injury to reputation; restrictions on or total deprivations of all personal freedoms; liberties and entitlements, including but not limited to diet, sleep, personal contact, educational opportunity, vocational opportunity, athletic opportunity, hobbies, religious fulfillment, personal fulfillment, family relations, marital relations, reading, movies, travel, driving, enjoyment, and expression. Furthermore, as a direct result of Plaintiffs' unjust imprisonment, many of the effects of these

disabilities and impairments continue to plague Plaintiffs to this day, and will continue to plague Plaintiffs for the rest of their lives.

## FIRST CLAIM FOR RELIEF
## FALSE ARREST IN VIOLATION OF 42 U.S.C. § 1983 AND
## THE FOURTH AND FOURTEENTH AMENDMENTS OF THE CONSTITUTION

87.     The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

88.     Plaintiffs were subjected to an illegal, improper search, seizure, and false arrest by Defendants, and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege, or consent.

89.     As a direct and proximate result of the foregoing, Plaintiffs were placed in substantial and prolonged fear for their safety, and their liberty was restricted for an extended period of time, without probable cause or other lawful justification, in violation of the Fourth and Fourteenth Amendments of the Constitution of the United States and they suffered and will continue to suffer injury and damages as a result, including, inter alia, physical and mental pain and suffering, and mental anguish.

90.     As a result of all defendants' actions plaintiffs suffered humiliation, pain and suffering, terror, and mental anguish.

## SECOND CLAIM FOR RELIEF
## MALICIOUS ABUSE OF PROCESS IN VIOLATION OF 42 U.S.C. § 1983

91.     The Plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

92.     Defendants issued legal process to place Plaintiffs under arrest.

93.     Defendants arrested Plaintiffs in order to achieve a collateral objectives of getting a bigger case/advancing their careers/fishing for information/bribing Plaintiffs to get information in exchange for their freedom.

94.     Defendants acted with intent to do harm to Plaintiff without excuse or justification.

95.     As a direct and proximate result of the misconduct and abuse of authority described above, Plaintiffs have suffered and will continue to suffer injury and damages, including, inter alia, physical and mental pain and suffering, and mental anguish.

## THIRD CLAIM FOR RELIEF
## FAILURE TO INTERVENE IN VIOLATION OF 42 U.S.C.§ 1983

96.     The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

97.     Each and every individual defendant had an affirmative duty to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights.

98.     The individual Defendants failed to intervene on Plaintiffs' behalf to prevent the violation of their constitutional rights incurred by the constitutional violations, despite having had a realistic opportunity to do so.

99.     As a result of the aforementioned conduct of the individual Defendants, Plaintiffs' constitutional rights were violated.

## FOURTH CLAIM AGAINST ALL DEFENDANTS
## CONSPIRACY IN VIOLATION OF §1985(3)

100.     Plaintiff repeats and re-alleges each and every allegation set forth above as though fully set forth at length herein.

101.    Defendants agreed, cooperated, participated, and conspired to assist in and effectuate plaintiff's unlawful force, detention, arrest, imprisonment, and malicious prosecution for crimes she did not commit, and in so doing deprived plaintiff of their rights, privileges and immunities secured by the Constitution of the United States, including, but not limited to, their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution.

102.    Defendant Officers conspired with each other for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice.  Here, the the 52nd Precinct's pattern and practice of these fishing expeditions.

103.    None of these acts were in any way related to corporate policy or management decision, but were instead to further the criminal acts of Defendants.

104.    Defendants cooperated together and hid their actions, and were not only creating and assisting in such a situation, but were deliberately indifferent to the rights of the Plaintiff to a degree that shocks the conscience.

105.     Defendants' obstruction of justice, knowledge of obstruction, in addition to their deliberate indifference, caused Plaintiffs' injuries.

<u>**FIFTH CLAIM AGAINST ALL DEFENDANTS**</u>
**VIOLATION OF DUE PROCESS UNDER 42 U.S.C. § 1983**

106.    Plaintiffs repeat and reallege each and every allegation set forth above as though fully set forth at length herein.

107.    By the conduct and actions described above, Defendants while engaged in under the color of state law, conspired to interfere with and violate rights secured to plaintiffs by the Constitution of the United States in violation of 42 U.S.C. § 1983, including, but not limited to, plaintiff's Fourth and Fourteenth Amendment rights.

108.    Defendants, through the actions alleged above, consciously disregarded known and excessive risks to plaintiffs' liberty and welfare and engaged in a deliberate and unjustified effort to manufacture guilt against Plaintiffs at all costs.

109.    This included a course of conduct and pattern of behavior whereby defendants, inter alia, created and fabricated evidence to create the appearance of probable cause to believe that plaintiffs had possessed illegal drugs, intentionally and maliciously concealed material exculpatory evidence, suborned perjurious testimony, developed and cultivated witnesses to testify falsely, and unduly and improperly influenced the statements and testimony of witnesses through deceit and other means.

110.    That such conduct by defendants deprived plaintiffs of liberty and dignity and constituted both a substantive and procedural due process violation under the Fourteenth Amendment.

111.    Defendants' conduct precipitated and caused the sequence of events that ultimately resulted in the deprivation of plaintiffs' liberties and dignities.

112.    Defendants' conduct in this regard was so egregious and outrageous as to shock the conscience.

### SIXTH CLAIM FOR RELIEF
### SUPERVISORY LIABILITY FOR DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. 1983

113.    The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

114.     By their conduct in failing to remedy the wrongs committed by employees of the THE CITY OF NEW YORK under their supervision; in failing to properly train, supervise, or discipline employees of the THE CITY OF NEW YORK under their supervision; and in

directing employees under their supervision, Defendants, acting under the color of state law and in their individual and official capacities and within the scope of their employment, caused damage and injury in violation of Plaintiffs' rights guaranteed under 42 U.S.C. § 1983, and the United States Constitution, including its Amendments.

115.    As a result of the foregoing, Plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, emotional distress and psychological injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

**SEVENTH CLAIM FOR RELIEF**
**VIOLATION OF TITLE II of the**
**AMERICANS WITH DISABILITIES ACT (42 U.S.C. § 12131 et seq.)**

116.    The Plaintiff Hassan Salley Rae incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

117.    Congress enacted the ADA upon finding, among other things, that "society has tended to isolate and segregate individuals with disabilities" and that such forms for discrimination continue to be "serious and pervasive social problem." 42 U.S.C. § 12101(a)(2). People with disabilities are frequently subjected to unlawful contact with the criminal lega system.

118.    In response to these findings, Congress explicitly stated that the purpose of the ADA is to provide "a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities" and "clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(l) (2).

119.    Title II of the ADA provides in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, ...be subjected to discrimination by any such entity."

42 U.S.C. § 12132.  A person who is not a harm to others and themselves, cannot be arrested discriminated against because society fears them for no good reason.

120.    At all times relevant to this action, Defendants were public entities within the meaning of Title II of the ADA and provided a program, service, or activity to the general public.

121.    At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of Title II of the ADA and met the essential eligibility requirements for the receipt of the services, programs, or activities of Defendants.

122.    Through the acts and omissions of Defendants and their agents and employees described herein, Defendants have subjected Plaintiff to discrimination on the basis of disability in violation of Title II of the ADA by failing to provide him an opportunity to carry his medication that is necessary for the management of his disability, and for criminalizing him for having such lawful medication. Plaintiff was not reasonably accommodated from the time Defendant Officers were told he has a sickle cell and uses medication prescribed for such.

123.    As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## EIGHTH CLAIM FOR RELIEF
### VIOLATION OF SECTION 504 of the
### REHABILITATION ACT of 1973 (29 U.S.C. § 794)

124.    The Plaintiff Salley Rae incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

125.    Section 504 of the Rehabilitation Act of 1973 provides in pertinent part: "[N]o otherwise qualified individual with a disability. . . shall, solely by reason of her or his disability,

be excluded from the participation in, be denied the benefits, or be subjected to discrimination under any program or activity receiving federal financial assistance . . ." 29 U.S.C. § 794.

126.    Plaintiff was at all times relevant herein a qualified individual with disabilities within the meaning of the Rehabilitation Act because he has mental and physical impairments that substantially limits one or more of his major life activities. See 29 U.S.C. § 705(20)(B).

127.    At all times relevant to this action Defendants were recipients of federal funding within the meaning of the Rehabilitation Act.

128.    Through their acts and omissions described herein, Defendants have violated the Rehabilitation Act by excluding Plaintiff from participation in, by denying him the benefits of, and subjecting him to discrimination in the benefits and services Defendants provide to the general public

129.    As a result of the foregoing, Plaintiff was deprived of his liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**NINTH CLAIM FOR RELIEF**
**ASSAULT AND BATTERY UNDER THE NEW YORK CONSTITUTION**

130.    The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

131.    By the actions described above, defendants did inflict assault and battery upon the plaintiffs.  The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

132.     As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

### TENTHTH CLAIM FOR RELIEF
### N.Y. STATE CONST. ART. I § 12 DUE PROCESS

133.     The Plaintiff incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

134.     Defendants deprived Plaintiffs of their rights, remedies, privileges, and immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. § 1983, including, but not limited to, rights guaranteed by Article I § 12 of the New York State Constitution.

135.     Defendants, their officers, agents, servants and employees, were responsible for Plaintiffs' injuries. Defendant City, as employer of the officer defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

136.     As a direct and proximate result of the misconduct and the abuse of authority detailed above, Plaintiff sustained the damages described above.

### ELEVENTH CLAIM FOR RELIEF
### FALSE ARREST AND FALSE IMPRISONMENT
### UNDER THE NEW YORK CONSTITUTION

137.     The plaintiffs incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

138.     By the actions described above, defendants caused Plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

139.     As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM FOR RELIEF
## TRESSPASS UNDER THE NEW YORK CONSTITUTION

140.     The Plaintiffs incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

141.     The Defendants willfully, wrongfully and unlawfully trespassed upon the person of Plaintiffs.

142.     As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## THIRTEENTH CLAIM FOR RELIEF
## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
## UNDER THE NEW YORK CONSTITUTION

143.     The plaintiff incorporates by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

144.     By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to Plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

145.     As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

**FOURTEENTH CLAIM FOR RELIEF**
**NEGLIGENCE UNDER THE NEW YORK CONSTITUTION**

146.     The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

147.     The Defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the Plaintiffs.  The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

148.     As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and were otherwise damaged and injured.

**FIFTEENTH CLAIM FOR RELIEF**
**NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING UNDER THE NEW YORK CONSTITUTION**

149.     The Plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

150.     Defendant CITY negligently hired, screened, retained, supervised and trained defendants.  The acts and conduct of the Defendants were the direct and proximate cause of injury and damage to the plaintiff and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

151.    As a result of the foregoing, Plaintiffs were deprived of her liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SIXTEENTH CLAIM FOR RELIEF
### CONSTITUTIONAL TORT

152.    Plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

153.    Defendants, acting under color of law, violated Plaintiffs' rights pursuant to Article I, §§ 6, 8, 9, 11 and 12 of the New York State Constitution.

154.    A damages remedy here is necessary to effectuate the purposes of §§ 6, 8, 9, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of Plaintiffs' rights under those sections.

155.    As a result of the foregoing, Plaintiffs were deprived of their liberty and property, right to familial interaction, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## SEVENTEENTH CLAIM FOR RELIEF
### ABUSE OF PROCESS UNDER THE NEW YORK CONSTITUTION

156.    Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

157.    By the conduct and actions described above, defendants employed regularly issued process against Plaintiff compelling the performance or forbearance of prescribed acts.  The purpose of activating the process was intent to harm Plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiff which was outside the legitimate ends of the process.  The acts and conduct

of the defendants were the direct and proximate cause of injury and damage to Plaintiffs and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

158.    As a result of the foregoing, Plaintiffs were deprived of their liberty and property, experienced pain and suffering, garden variety emotional injury, costs and expenses, and was otherwise damaged and injured.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands the following relief jointly and severally against all the Defendants:

a.   Compensatory damages in an amount to be determined at trial;

b.   Punitive damages in an amount to be determined at trial;

c.   Attorney's fees pursuant to 42 U.S.C. § 1988;

d.   An award of Plaintiffs' costs of suit;

e.   Pre-judgment and post-judgment interest;

f.   Such other relief as this Court deems just and proper.

Dated this 26st day of February, 2021

Respectfully Submitted,

_____/s/_____
P. Jenny Marashi (PM0916)
Marashi Legal
930 Grand Concourse, #1E
Bronx, NY 10451
(917) 703-1742
Marashi.legal@gmail.com
Attorney for Plaintiff